THOMAS C. SMITH *vs.* EDWARD CHAPEL.

December 9, 1886.

**New Trial—Absence of Witness.—**A new trial should not be granted to secure the testimony of a witness excusably absent from a former trial, unless such testimony will be *material.*

Action to recover possession of a portable steam-engine, claimed by plaintiff as purchaser from one Storer, and by defendant as assignee of a chattel mortgage made by Storer before the sale, and overdue and unpaid. At the trial in the district court for Scott county, before *Macdonald,* J., the plaintiff introduced evidence to prove that he received the engine from Storer in part-payment for another engine of much greater value sold by him to Storer, and that before he received it the defendant verbally agreed to release his mortgage lien upon it. The jury found for the defendant, and a new trial was granted to enable the plaintiff to introduce Storer's testimony, which he could not procure for the former trial. From this order the defendant appealed.

*Hodgson & Schaller,* for appellant.

*Peck & Brown,* for respondent.

BERRY, J. Unless the testimony expected from Storer was material, there was, of course, no reason for granting a new trial, in or-

der to give an opportunity to produce it. What that testimony would be must be determined by Storer's affidavit. The plaintiff's only claim here is that the chattel mortgage was released, and that Storer would so testify. But although the fact of a release would very likely be not only material, but decisive, in plaintiff's favor, the difficulty is that Storer's affidavit does not state that there was any release, but only that there was an understanding between him and defendant that there was to be one; and, moreover, it does not appear that there was any consideration for this understanding, or that anybody was bound by it. For aught that appears, then, the proposed evidence was utterly immaterial. The plaintiff's brief expressly, and as it seems to us very sensibly, disclaims any pretence that it had any tendency to establish an estoppel. As respects the matter of the court's discretion in applications for new trials, there was, upon the above facts, nothing to set it in motion.

Order reversed.